[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO MODIFY JUDGMENT
The Defendant in the above-entitled matter has filed a motion to reopen and modify judgment wherein he seeks to terminate the alimony payments he was ordered to pay to the Plaintiff. A contested hearing on this motion was held on May 30, 2000.
The following facts were proven by a preponderance of the evidence at that hearing:
The parties were married on April 25, 1957 in Frankfurt, Germany. Three minor children, all of whom have since attained the age of majority, were born of this union. On September 13, 1973, the parties were divorced by a decree of this court. The Plaintiff was awarded custody of two children and the defendant received custody of one child. The youngest child reached the age of majority in 1982.
The divorce judgment, which was based on a written stipulation signed by the parties, ordered the Defendant to pay the Plaintiff $200 per month as child support for the two children in her care, and $650 per month as alimony. The judgment did not limit the duration of the periodic alimony CT Page 6938 award, and the alimony provision has never previously been modified. The Defendant paid alimony to the Plaintiff in accordance with the judgment from the date of the decree in 1973 until November 1999. The Defendant filed the instant motion to reopen and modify judgment on October 25, 1999 and has not made alimony payments since last November.
At the time of the divorce, the parties had been married for 16 years. The Plaintiff had no income at that time. The Defendant owned a Hickory Farms store in 1973. His financial affidavit indicated annual gross income of $25,200.
Following the divorce, the Plaintiff secured employment at Yale University, where she has worked for approximately the past 26 years. She initially worked in non-teaching positions at Yale, although for the last 13 years she has taught as a senior lector with the university's German Literature Department.
At the May 30 hearing, the Plaintiff submitted a copy of a financial affidavit which had been prepared in February 2000. It indicated that she had a current gross annual salary of $41,392. Since assuming her teaching position at Yale 13 years ago, the Plaintiff's gross annual salary has increased from approximately $25,000 to the present amount of $41,392. The Plaintiff's financial affidavit indicated total assets of $412,775. They consisted of $92,000 in her Yale University Retirement Annuity Plan, $99,000 in a Supplemental Retirement Annuity, $143,000 in bank accounts, $64,000 in home equity, $1,300 in automobile equity and a life insurance cash value of $13,475.
However, the Plaintiff also testified at hearing that her financial circumstances would change on July 1, 2000, when she retires from her position at Yale University. As of July 1, the Plaintiff, who is 65, will receive $853 per month from Social Security, and a total of $1,033 from two pension plans at Yale, for total gross income of $1,886 per month, or $22,632 annually. The court found the Plaintiff's evidence and testimony concerning her present and future financial circumstances to be credible.
The Plaintiff also testified credibly that she has a medical condition, known as fibromyalgia, which causes her to suffer chronic ligament and joint pain. This condition contributed to the Plaintiff's decision to retire, and will make it difficult for her to work in the future.
The Defendant currently earns gross income from his business in the amount of $2,880 per week, or $149,760 annually. His current financial affidavit listed total assets $2,072,500. However, the Defendant testified that his asset total should be reduced by the amount of $325,000, which is the value of his home in Stonington. He testified that CT Page 6939 he recently divested of his ownership in the property for estate planning purposes. The Defendant's other assets consisted of equities valued at $11,500, a profit-sharing plan account valued at $1,100,000, $260,000 in an IRA, $1,000 in checking, miscellaneous assets worth $25,000, and his business (H. F. Supply Co., Inc.), which has a valuation of $250,000.
The Defendant, now 68 years of age, testified that he wishes to retire, and seeks to have his alimony obligation terminated before he does so. The Defendant did not specify a projected retirement date at hearing. There was no evidence presented that he is in poor health. The court found the evidence and testimony concerning the Defendant's financial circumstances to be credible.
The court finds that there has obviously been a material and substantial change for the better in the financial circumstances of both of the parties since the divorce decree entered in 1973. However, those changed circumstances, standing alone, do not mandate that the judgement's alimony order should be modified "Once a trial court determines that there has been a substantial change in the circumstances of one of the parties, the same criteria that determine an initial award of alimony . . . are relevant to the question of modification." (Internal citations and quotation marks omitted). Borkowski v. Borkowski,228 Conn. 729, 737 (1994). Accordingly, this court must also consider the factors enumerated in C.G.S. § 46b-82 in rendering its decision here.
"To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it." Borkowski v.Borkowski, supra, p. 737-738.
The court has carefully considered all of the evidence and testimony adduced at hearing, as well as the provisions of C.G.S. §§ 46b-82 and46b-86. Although the court is cognizant of the length of time that the alimony order has existed in this case, it is also mindful that the ". . . traditional purpose of alimony is to meet one's continuing duty to support." (Internal quotation marks and citations omitted). Borkowski v.Borkowski, supra, p. 735. The court, based upon its examination of the facts and the equities in this case, concludes that the Defendant's duty to pay alimony to the Plaintiff should continue.
As noted above, once the Plaintiff retires on July 1, 2000, she will receive gross annual income of $22,632. This is a decrease of $18,760 from her teaching salary. The current annual alimony payment of $7,800 would leave her with gross yearly income of $30,432, before taxes. The Defendant, whose gross annual income is $149,760, will be left with $141,960, before taxes. The court takes judicial notice of the fact that CT Page 6940 periodic alimony payments are reportable as income by the recipient and deductible by the payer under current federal tax laws.
The Plaintiff's medical condition makes it difficult for her to work, even on a part-time basis. It has contributed to her decision to retire, which will result in her receiving significantly diminished income. Given the status and respective incomes of both parties, and after consideration of all the criteria set forth in C.G.S. § 46b-82, the court finds that the current alimony payment of $650 per month is still needed by the Plaintiff. Under these circumstances, the court cannot find that the current order is unjust or inequitable to the Defendant.
Accordingly, the Defendant's motion to reopen and modify judgment is hereby
DENIED.
The Defendant has not paid alimony to the Plaintiff since November 1999. The court finds that the Defendant owes the Plaintiff an alimony arrearage of $4,550 as of June 1, 2000, and orders that the Defendant pay said arrearage to the Defendant, in full, within 120 days of the date hereof.
Dated at New London, Connecticut this 9th day of June 2000.
BY THE COURT:
Dyer, J.